UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRAIG CUNNINGHAM,

                Plaintiff,

        -v.-

BIG THINK CAPITAL, INC., DAN ISRAEL,
and JOHN/JANE DOES 1-5,

                Defendants.

20 Civ. 10623 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    *Pro se* Plaintiff Craig Cunningham ("Plaintiff"), a resident of Texas, filed this action against Big Think Capital, Inc. ("Big Think"), Dan Israel ("Israel," and with Big Think, "Defendants"), and John/Jane Does 1-5, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, related federal regulations, and a provision of the Texas Business and Commerce Code. Big Think is a New York corporation with headquarters in Suffolk County, and Israel is natural person who resides in Plainview, New York, in Nassau County. John/Jane Does 1-5 have not been identified. Plaintiff currently has another action against Big Think pending in the United States District Court for the Eastern District of New York, *Cunningham* v. *Big Think Capital, Inc.,* No. 2:19 Civ. 00638 (ILJ) (PK) (E.D.N.Y.). Plaintiff is proceeding with that matter with counsel and as a class action.

    Perceiving Defendants' greater relationship to the Eastern District than to this District and Plaintiff's demonstrated ability to litigate in the Eastern District, this Court entered an Order on December 29, 2020, directing Plaintiff

to file a letter on or before January 29, 2021, explaining why the case should remain in this District rather than be transferred to the Eastern District. (Dkt. #5). Plaintiff filed a letter opposing transfer on February 12, 2021 (Dkt. #12); Defendants responded on March 4, 2021 (Dkt. #18), and the same day filed a pre-motion letter in anticipation of a motion to dismiss or to transfer venue (Dkt. #19); and Plaintiff filed a reply on April 16, 2021 (Dkt. #24).

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co.* v. *Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).

The Court has reviewed the Complaint and agrees with Defendants that the Eastern District of New York is a more appropriate venue for this action, beginning with the fact that Big Think is headquartered in the Eastern District,

2

and Defendant Israel resides in Nassau County, also in the Eastern District.[1] To be sure, "[a] plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless the balance of the factors is strongly in favor of the defendant." *Berman* v. *Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (citations omitted); *accord In re Warrick*, 70 F.3d 736, 740-41 (2d Cir. 1995) (per curiam). "However, plaintiffs' choice of forum is accorded less weight where the plaintiffs' chosen forum is neither their home nor the place where the operative facts of the action occurred." *Dwyer* v. *Gen. Motors Corp.*, 853 F. Supp. 690, 694 (S.D.N.Y. 1994); *accord Emp'rs Ins. of Wausau* v. *News Corp.*, 2008 WL 4443899, at *3 (S.D.N.Y. Sept. 29, 2008) ("[W]here the plaintiff has chosen a forum that is neither the district of its residence, nor the locus of the operative facts in the case, this choice is given considerably less weight."). This District is neither Plaintiff's home, nor the locus of the complained-of events.

Plaintiff opposes transfer — relying on the sole argument that venue is proper in this District because Big Think previously maintained an address for service of process within the territorial jurisdiction of this District — but at the same time acknowledges that the Eastern District of New York is a proper

---

[1] Defendants primarily argue that this case should be transferred to the Eastern District of Texas, where Plaintiff has another pending lawsuit against the same Defendants alleging overlapping conduct as in this action. (*See* Dkt. #18, 19). However, the Court notes that on April 19, 2021, Plaintiff filed a notice in that suit seeking to voluntarily dismiss the action without prejudice under Federal Rule of Civil Procedure 41(a). *See Cunningham* v. *Big Think Capital, Inc.*, Dkt. #26, No. 4:20 Civ. 724 (ALM) (KPJ) (E.D.T.X. April 19, 2021). In light of that development, the Court determines that it would not be appropriate to transfer this matter to the Eastern District of Texas. The Court therefore focuses on Defendants' secondary arguments for transferring to the Eastern District of New York.

3

venue for this case. Particularly given the location of the relevant documents and witnesses, the Court is persuaded that transfer is warranted, and finds further that such transfer will not prejudice Plaintiff, who resides in Texas and has shown a willingness to litigate in the Eastern District. The Court is confident that the Eastern District of New York will be able to fairly and efficiently adjudicate this case.

Accordingly, this action is hereby ORDERED transferred to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).

It is further ORDERED that Plaintiff's motion for entry of default against Defendant Israel (Dkt. #13) is DENIED without prejudice to its renewal in the Eastern District of New York following transfer.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:   April 23, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge