

**Schwartz Ettenger,** PLLC
Experience you need. Results you want.

631-777-2401   Fax: 631-777-2402
445 Broad Hollow Road, Suite 205, Melville, NY 11747

February 15, 2022

<u>*VIA ECF*</u>
Magistrate Judge Arlene Lindsay
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>***Cunningham v. Big Think***</u>
               <u>**Case No. 21 cv-02443**</u>

Dear Judge Lindsay:

      Please be advised that our office represents the Defendants regarding the above-noted matter. We are in receipt of Plaintiff's discovery motion and hereby respond to same.

      First, the motion does not comply with Local Rule 37.3 or The Magistrates Individual Rules and thus should be rejected by the Court. Mr. Cunningham contacted us after he sent a draft of his motion, and we advised him that it did not comply with the local rules. Yet, as has become his custom, he filed it anyway. The motion he served is also not on notice and provides no return date or date for opposition.

<u>Meet and Confer and Timeliness</u>

      Mr. Cunningham has contacted us several times about our discovery responses. He has also placed his "objections" in writing on occasion. He has previously advised us of three objections: 1) our responses were untimely, 2) the Interrogatory response was not verified, and 3) pages 1-4 of our document response were difficult to read. He has never advised, prior to this motion, that any of our other responses were inappropriate or insufficient. As such, we believe that any issue herein should be limited to the above.

<u>Timeliness of Responses</u>

      It should be first noted that Plaintiff never served a Rule 26 disclosure and was late on responses to Defendant's discovery demands. He stated that he never received them, but they were timely served.

      Notably, we did contact Mr. Cunningham on numerous occasions about the status of our responses. We advised him that we were working in good faith to provide full and complete responses and that based on the holiday season, we were coordinating with our client to provide same. It appeared he was agreeable to same, although he never consents to anything without an argument. When we provided our responses, we believed that they were timely. If we were a day or two late, we apologize, but we did provide full and complete responses in a timely fashion.

Magistrate Judge Arlene Lindsay
Eastern District of New York
United States Courthouse
February 15, 2022
Page 2

*Verified Interrogatory*

The initial response to Interrogatories was not verified. It has since been corrected and Dave Brown, President of Big Think has verified the interrogatory; same was provided to Plaintiff. Plaintiff has stated that he believes that the two individuals that assisted with the preparation of the Interrogatories, Dan Israel and Dave Brown, must verify which questions they assisted in preparing. We are unaware of this requirement under the Federal Rules and have never been asked or required to do so in prior litigations. If required by the Court, we are happy to do so.

*Response to Demands*

Again, other than stating that 4 pages of our response were difficult to read, and demanding that they be corrected that day, Plaintiff has not advised us that our responses were improper before filing this motion. We believe our responses were full and proper. We only objected to 2 questions posed by Plaintiff, both of which were improper and outside the scope of discovery. Otherwise, we answered every question posed by Plaintiff. Moreover, we provided all documents in Defendant's possession responsive to the demands.

Defendant is more than happy to supplement its responses if the Court deems them insufficient. But contrary to Plaintiff's position, Defendant has acted in good faith and provided full and complete responses.

*Motion For Sanctions*

To argue that Dave Brown has not engaged in the discovery process and is thus subject to sanctions is fanciful. Defendant has provided full and complete responses to discovery, which have been verified. Any minor deficiencies in discovery, if required, will be corrected. Other than minor issues with our response, Plaintiff has not even advised Defendant that the responses were insufficient. To argue that this conduct requires sanctions is out of line. Sanctions is an extreme remedy that would only be granted based on continuous discovery abuses. It simply does not exist at this time.

We are happy to meet with the Court to discuss any discovery issues. But this motion, which was improperly filed, was simply not necessary. We ask that the Court proceed accordingly.

Very truly yours,

Jeffrey S. Ettenger

cc:   Craig Cunningham *(via email)*